[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON MOTION TO DISMISS
 Facts
The plaintiff David Schon has brought a two count negligence writ against Carl H. Berg, Jr., and against the Town of East Windsor. Mr. Berg is another driver on the highway who is not a town employee or in any manner connected with the Town of East Windsor.
In his second count the plaintiff alleges: CT Page 12427
 "9. The foregoing collision was caused by the negligence and carelessness of the defendant, Town of East Windsor, through the actions of Sergeant Smith and Officer Scavotto who were agents and/or employees of the town in one or more of the following respects in that [specifications of negligence A-D]"
Sergeant Smith and Officer Scavotto are not named as defendants.
 Discussion
Our Supreme Court has summarized the law with regard to municipal liability for negligence in Williams v. New Haven,243 Conn. 763, 769 (1998) in the following language:
 "Because it is clear that a municipality enjoys governmental immunity from common law negligence unless a statute has limited or abrogated that immunity, the plaintiffs cannot prevail. The plaintiffs do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke the indemnification pursuant to 7-465. The Doctrine of Government Immunity, therefore, is fatal to their cause of action against the defendant."
The legislature has acted to limit governmental immunity under certain circumstances. In General Statute Section 13 (a)-149 the legislature has abrogated immunity with regard to certain roads and bridges. In General Statute Section 7-465 the legislature has abrogated the immunity of the municipal corporation for the negligence of its agents and employees. Finally in General Statute Section 52-557 (n) the legislature has provided:
 "[A] political subdivision of the state shall be liable for damages to person or property caused by: (A) the negligent act or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties. . . ."
The present dispute has nothing to do with bridges or roads and therefore Section 13a-149 has no application to it.
Instead, the complaint appears to be stating a cause of CT Page 12428 action under General Statute 7-465 for the negligence of municipal employees, the two police officers identified. A Superior Court relying on Williams has held:
 "In addition, the legislature has provided for indemnification by municipalities of municipal officers, agents or employees who incur liability for certain of their official conduct. See General Statutes Section 7-465
and 7-308. The plaintiffs, however, have not sought to avail themselves of these statutory remedies by bringing an action against any individuals and then claiming municipal indemnification." Cimino v. City of New Haven, 1998 W.L. 305418 (Conn.Super. 1998 Downey, J.).
Judge Downey's ruling in Cimino is supported by the Supreme Court opinion in Williams. A municipality can be sued for indemnification only if an action is alleged directly against an agent or employee. Therefore, the court finds that the governmental immunity of the Town of East Windsor is not overcome by the application of § 7-465 to the facts of this case.
The question before this court is whether Section 52-557n
requires a specific reference to that statute in a pleading in order to survive a claim of governmental immunity. Nowhere in his complaint has the plaintiff mentioned Section 52-557(n).
However, in his brief he clearly claims to rely on that section.
In Williams the court wrote:
 "We first note that throughout the entire course of this litigation, including the allegations of the complaint, the trial and this appeal, the plaintiffs have relied solely on their claim of common law negligence on the part of the defendant. At no time have they advanced any statute as a basis for the liability of the defendant in this case. Accordingly, on appeal, we consider this case as it was litigated in the trial court and briefed and argued in this court. Williams at 766.
Later in Williams opinion the court wrote:
 "The legislature also has set forth general principles of municipal liability and immunity in General Statute Section 52-557n. The plaintiffs have not relied on CT Page 12429 [52-557n] nor have they cited any other statute as a means of abrogating the defendants' governmental immunity." Williams at 567-568.
Finally, the court in Williams held:
 "Because it is clear that a municipality enjoys governmental immunity from common law negligence unless a statute has limited or abrogated that immunity, the plaintiff cannot prevail. The plaintiffs do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to 7-465. The doctrine of governmental immunity, therefore, is fatal to their cause of action against the defendant."
In Williams the plaintiff did not argue that Section 52-557n
had changed the law on immunity, Berdon, J., dissenting at 771-772.
The court is faced with a dilemma. The defendant has not filed a motion to strike which would allow the plaintiff to replead to cure pleading defects. P.B. § 10-44. If a motion to dismiss is denied with respect to any jurisdictional issue thedefendant may plead further without waiving the right to contest jurisdiction further. P.B. § 10-34. However, in the event that a motion to dismiss is granted the plaintiff has no right to plead over.[1]
This court has difficulty hypothesizing a fact pattern under7-465 which would not also be capable of litigation under 52-557
(n). Recognizing that § 7-465 is an indemnity statute, it is understandable that if no action is brought for which indemnity can be sought there is an absence of jurisdiction. However when, as in the instant case, the plaintiff has brought an action which appears to be within the waive of governmental immunity contained in 52-577 (n), even though the plaintiff has not specifically plead that statute, it would be draconian to dismiss the action for lack of subject matter jurisdiction.
While recognizing that some language contained in Williams v.New Haven may lead to the conclusion that failure to allege a specific statute is a jurisdictional defect, Williams appears to turn on the failure to name agents of the municipality rather than the failure to identify a particular statute. CT Page 12430
For the foregoing reasons, the motion to dismiss is denied.
Booth, J.